UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN ALLAN LASH,<br><br>              Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL, State of Idaho, LAWRENCE G. WASDEN,<br><br>              Respondent. | Case No. 1:12-cv-00493-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Shawn Allan Lash's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed a Motion for Summary Dismissal. (Dkt. 12). Petitioner has filed a response to the Motion (Dkt. 15), and Respondent has filed a reply (Dkt. 17).[1] The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on July 1, 2013, and August 14, 2013. *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and

---

[1] Respondent's Motion for Extension of Time to File the Reply will be granted, and the reply is deemed timely.

**MEMORANDUM DECISION AND ORDER 1**

record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

Petitioner was convicted by a jury of three counts of lewd conduct with a minor under the age of sixteen in violation of Idaho Code § 18-1508, and three counts of sexual battery of a minor child sixteen or seventeen years of age, in violation of Idaho 18-1508A(1)(a), in the Fourth Judicial District Court in Ada County, Idaho. The Idaho Court of Appeals affirmed Petitioner's convictions on September 17, 2009. (State's Lodging B-4.) Petitioner did not file a petition for review with the Idaho Supreme Court, and the court of appeals issued the remittitur on October 14, 2009. (State's Lodging B-5.)

Petitioner filed a petition for state postconviction relief, at the earliest, on March 26, 2010.[2] (State's Lodging C-1 at 5.) The state district court granted the state's motion for summary dismissal on July 23, 2010. (*Id*. at 81-86.) The Idaho Court of Appeals affirmed the dismissal, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodging D-8, D-12.) The final remittitur was issued on January 11, 2012. (State's Lodging D-13.)

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER 2**

Petitioner filed his federal Petition for Writ of Habeas Corpus, at the earliest, on September 21, 2012.

## DISCUSSION

Respondent contends that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. The Court need not address Respondent's procedural default argument. The Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner is entitled only to limited statutory tolling and is not entitled to equitable tolling, the Petition will be dismissed as untimely.

**1.     Standard of Law for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief in the district court." In such a case, the Court construes the facts in a light most favorable to the petitioner.

**2.     Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations period is triggered by one of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. Any postconviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does not toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

**MEMORANDUM DECISION AND ORDER  4**

The limitations period may also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).[3]

3. **Analysis of the Statute of Limitations As It Applies to the Petition**

Petitioner's case involves 28 U.S.C. § 2254(d)(1)(A)—his conviction became final on the date of the conclusion of direct review or the expiration of the time for seeking such review. Because Petitioner did not file a petition for review with the Idaho Supreme Court on direct appeal, his conviction became final on October 14, 2009, when the Idaho Court of Appeals issued its remittitur. Therefore, absent statutory or equitable tolling, the Petition would have been due on October 14, 2010.

A. *Statutory Tolling*

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

---

[3] The statute of limitations is also subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-32 (2013). That exception is inapplicable to Petitioner's claims because he does not contend that he is actually innocent. (*See* Dkt. 15 at 12) ("This was an absolutely horrendous crime for which I am truly ashamed.").

**MEMORANDUM DECISION AND ORDER 5**

§ 2244(d)(2). However, the time between the date the conviction became final and the filing of a state postconviction petition is not subject to statutory tolling. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *abrogated on other grounds by Pace*, 544 U.S. 408. In this case, 163 days of the one-year statute of limitations period had already passed at the time Petitioner filed his state postconviction petition on March 26, 2010. At that point, Petitioner had 202 days remaining in the limitations period.

The statute of limitations was tolled until January 11, 2012, when the Idaho Supreme Court issued its remittitur in Petitioner's postconviction case. Petitioner was therefore required to file his federal Petition by July 31, 2012 (202 days after January 11, 2012). However, the instant Petition was not filed until September 21, 2012. Therefore, the Petition is untimely unless Petitioner can show that he is also entitled to equitable tolling.

    **B.**    *Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 130 S. Ct. at 2562. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner states that he was hindered in his ability to challenge his conviction because he was transferred twice to out-of-state prisons and is "being denied documents absolutely paramount to this case." (Dkt. 15-1 at 3.) But Petitioner does not explain how the absence of these documents, which Respondent has now lodged with the Court and provided to Petitioner (*see* Dkt. 17 at 5 n.1; Dkt. 18), "made it *impossible* to file a petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). Further, inmates are routinely transferred between prisons, and sometimes even out-of-state prisons. Such transfers are hardly the sort of extraordinary circumstances that would justify equitable tolling. As Respondent correctly points out, Petitioner "has not alleged any particular facts associated with these transfers, such as restricted access to the courts, that would have even caused delays in his court filings, let along render timely filings impossible under the facts of this case." (Dkt. 17 at 4.) Petitioner simply has not established that he is entitled to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's habeas claims are barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Therefore, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition for Writ of Habeas Corpus must be dismissed.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Reply Brief (Dkt. 16) is GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and this entire action is DISMISSED with prejudice as untimely.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **December 20, 2013**

Honorable Candy W. Dale
United States Magistrate Judge